Dye, J.
(dissenting in part). I dissent from so much of the decision about to be rendered herein as dismisses that part of the plaintiff’s cause of action which is based on the assignment to plaintiff of the claims and judgment against Dorp in favor of Thomas, Demarest and Eimess and vote to affirm.
In the action by Thomas et al. which resulted in a judgment after trial against Dorp and the other defendants including Central, that judgment on appeal was reversed as to the other defendants and a new trial ordered as to them but continued to stand as a valid judgment against Dorp because the latter did not appeal.
Before the new trial was had as to the others, Central settled the actions and took assignments from the individual plaintiffs, *389 including an assignment of the Dorp judgment. However when Greyhound, as assignee of Central, brought this suit to collect the Dorp judgment against the Dorp insurer, the defendant here (we are not concerned with the assignment of the settled claims), defendant resisted on the theory that, in reality, the action was one for contribution and that any recovery by Central, plaintiff’s assignor, was barred under the doctrine of joint tort-feasor. To support this defense, defendant insurer points to the post-appeal ante-new-trial settlement as barring a suit for contribution under section 211-a of the Civil Practice Act (now CPLE. 1401), since Central was not at the time of settlement a judgment creditor within the purview of the statutory language. It is, of course, true that before a joint tort-feasor may sue for contribution he must have paid more than his prorata share of the joint judgment. Thus it is argued that, since there was no joint judgment, because the initial judgment against all the defendants had been severed as to all defendants and a new trial ordered except as to Dorp, there was no longer a joint judgment on which contribution could be had.
Ingenious as this defense may be, it does not stand analysis. Section 167 (subd. 1, par. [b]) of the Insurance Law specifically provides that in case judgment against the insured “ in an action brought to recover damages for injury sustained * * * during the life of the policy * * * shall remain unsatisfied * * * then an action may * * * be maintained against the insurer under the terms of the policy * * * for the amount of such judgment not exceeding the amount of the applicable limit of coverage under such policy or contract.”
The judgment which Thomas, Demarest and Bimess had against Dorp was enforcible against Dorp and if it did not pay —which it has not —then the judgment creditor could have sued Dorp’s insurer and collected. That is the express purpose and intent of section 167 (subd. 1, par. [b]) above quoted, that is, to protect an injured party or parties against loss of the damages and injury represented by the judgment obtained. Whatever rights or interests joint judgment debtors may have as between themselves cannot and should not serve to defeat an injured party whose rights are fixed by statute. It may not be said in logic or law that such rights are forfeited by an assignment. If the Legislature intended to exclude an assignee *390 who is also a joint tort-feasor, it certainly could have done so by delimiting language but, instead, it used general language, the pertinent part of which is above quoted and, if there is any doubt as to the status of an assignee, it was removed by paragraph (c) of subdivision 7 which provides that “ Any assignee ” (italics supplied) of a judgment obtained by any person for personal injury may maintain an action subject to subdivision 2 of section 41 of the Personal Property Law which is not applicable here.
Surely, this comprehensive, carefully drawn statutory scheme to protect injured persons was not designed to exclude the tortfeasor assignee of a valid judgment, else the phrase ‘ ‘ Any assignee ” is meaningless requiring construction in every given case, a situation which the Legislature did not envision and which we should not create. Because the statutory language applicable to this situation is clear and unequivocal, the answer to the first certified question should be in the affirmative.
The second certified question should also be answered in the affirmative.
Opinion by Judge Van Voorhis in which Judge Scileppi concurs; Chief Judge Desmond and Judges Fuld and Burke concur for reversal with respect to the assigned claims of Thomas, Demarest and Bimess but dissent and vote also to dismiss the entire complaint in an opinion by Judge Fuld in which Chief Judge Desmond and Judge Burke concur; Judges Dye and Bergan concur for affirmance regarding that part of the complaint based on the Young judgment but dissent and vote to affirm the denial of the motion for summary judgment in all respects in an opinion by Judge Dye in which Judge Bergan concurs.
Order to the extent that it denies appellant’s motion for summary judgment dismissing the complaint insofar as respondent seeks recovery upon the assignment to respondent of the claims of Margaret Claire Thomas, Albert Demarest and Jean Bimess against Dorp reversed, without costs, and the complaint as to these items dismissed. First question certified answered in the negative.
Order to the extent that it denies appellant’s motion for summary judgment dismissing the complaint insofar as respondent *391 seeks contribution by reason of Central Greyhound’s payment of a portion of the judgment in favor of Amanda Young against all defendants, jointly, affirmed, without costs. Second question certified answered in the affirmative.